


6/8/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARK MARVIN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) | Civil Action No. 21-1493 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The application will be granted, and the petition will be dismissed.

Petitioner challenges the criminal charges against Christopher Warnagiris, whom petitioner describes as a "peaceful person[] visiting the Capitol on January 6, 2021," Pet. at 2, whose entry was blocked by a United States Capitol Police officer, *id.* at 3.[1] Petitioner requests that "this Court . . . release [Warnagiris] from indictment, custody and bail, and dismiss the . . . Indictment[.]" *Id.* at 4.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact,

---

[1] *See United States v. Warnagiris*, No. 1:21-cr-00382 (D.D.C. May 12, 2021).

(2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

Missing from the petition are any factual allegations establishing that petitioner sustained (or is likely to sustain) an injury resulting from the criminal charges against another individual for that defendant's alleged actions on or any other event occurring on January 6, 2021. The petitioner's assertions that criminal proceedings against Warnagiris are "intended . . . to *a priori* deny him access to Washington, D.C.," Pet. at 1, and that "he may visit the Capitol at some point," *id.*, do not establish standing. "It is well-settled that 'a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," and a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Ahuruonye v. U.S. Dep't of Interior*, 312 F. Supp. 3d 1, 12 (D.D.C. 2018) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). And his assertions that he may one day come to Washington, D.C. and seek to enter the Capitol building without permission, and thus may one day be similarly prosecuted, are far too speculative to demonstrate that the petitioner himself has suffered or stands to suffer an injury. *See Williams v. Lew*, 77 F. Supp. 3d 129, 133 (D.D.C. 2015) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013)); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) "([A] vague desire to return is insufficient to satisfy the requirement of imminent injury."). Because the petitioner fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claim.

Furthermore, the Court notes that a "writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is

generally considered “in custody” if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is “in custody” because parole restrictions “significantly restrain petitioner’s liberty”), or subject to other “substantial” non-confinement restraints on liberty, *see, e.g*., *Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was “in custody” for purpose of habeas). Nothing in the petition suggests that petitioner currently is incarcerated, or is a probationer or parolee, or is otherwise restrained. Consequently, the petitioner is not “in custody” for habeas purposes.

For the reasons stated above, the Court will grant petitioner’s motion to proceed *in forma pauperis* and dismiss the petition and this civil action. A separate order will issue.

Dabney L. Friedrich
DABNEY L. FRIEDRICH
United States District Judge

DATE: June 8, 2021